UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA ARIAS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>MIGUEL HERNANDEZ, an individual; GEORGE TOBIN, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No: 22-CV-1203-DMS-BGS<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

This matter comes before the Court on Plaintiff Claudia Arias's *ex parte* application for a temporary restraining order ("TRO") against Defendants Miguel Hernandez and George Tobin, restraining them against "effectuating, executing, or enforcing any eviction" against Plaintiff and her family from the property in litigation . . . 1917 Terrakappa Avenue, Spring Valley, CA 91977." (ECF No. 29.) Plaintiff alternatively requests a limited temporary restraining order to preserve the status quo pending further briefing. Defendants filed an opposition to the application. (ECF No. 30.) The Court takes the matter under submission without oral argument.

///

I.

DISCUSSION

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show "'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter,* 555 U.S. at 20).

Here, Plaintiff has not shown she is likely to succeed on the merits of her claims. Plaintiff argues that she will suffer irreparable harm by facing "serious jeopardy of becoming homeless" and argues Defendants will not suffer irreparable harm if enjoined. However, she does not address any other prong to warrant injunctive relief. Plaintiffs has not shown a likelihood of success on the merits, that the balance of equities weighs in her favor, or that an injunction would serve the public interest in this case. In the absence of such a showing, Plaintiff is not entitled to a temporary restraining order.

II.

CONCLUSION

2

For these reasons, Plaintiff's *ex parte* application for a temporary restraining order is **DENIED**.

**IT IS SO ORDERED**.

Dated:  February 1, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court

3